the residuary legatee. The referee found as a fact that the town of Barnstable was incorporated in 1639 and selectmen of the town were duly appointed, and since which date selectmen have been chosen annually; that in 1717 the town was divided into parishes, to wit, east and west parishes; that the deceased, Catherine Sturgis, was born and lived for several years in the village of Barnstable, in east parish; that distinct municipal officers have never been chosen for either the east or west parish; that the selectmen, who are also assessors and overseers of the poor, are chosen for the whole town, and as such exercise the duties of said offices throughout the several villages making up the town; that the parish lines are recognized by the assessors in the assessment of taxes; and that by the law of the state of Massachusetts the trust so attempted to be created would there be a valid trust, and the court there would have the power to appoint a trustee, upon its appearing that the testatrix had failed to designate such trustee competent to act. The learned surrogate, in his opinion, recognizes the rule, which is amply sustained by the authorities cited by him, that "a bequest, however, made by a resident of this state to a legatee domiciled elsewhere, and competent under the laws of his domicile to take the same for the purposes for which it has been given, is valid under our laws, although by those laws it would be invalid if made to a resident of this state"; and, as the referee has found as a fact that under the law of the state of Massachusetts the trust so attempted to be created would be a valid trust, the only question is whether or not the testatrix had indicated a trustee who would be competent to take and execute the trust. Now, the bequest is to the selectmen and other municipal authorities of the east parish of the testatrix's native town of Barnstable, in the county of Barnstable and state of Massachusetts, and their successors forever; and the surrogate found that the town of Barnstable was duly incorporated, and that selectmen of such town were duly chosen annually. There were, therefore, selectmen of the town of Barnstable, exercising over the whole of that town, including the east parish, the duties of their office. It seems to me they were clearly the individuals designated by the testatrix who were to act as trustees of this fund. They were just as much selectmen of the east parish as they were of any other parish in the town, or of the whole town. They exercised the jurisdiction of selectmen within that parish, and the mere fact that they also exercised jurisdiction over other parishes did not, it seems to me, make them any the less the selectmen of east parish. The testatrix clearly indicated the individuals to whom she wished this fund to be paid, and the trust upon which she wished such individuals to hold the bequest; and I think such trustees, clearly indicated by the testatrix, were entitled under the law of this state to the legacy, to be administered according to the law of the state of Massachusetts. As this bequest is not given to the town, but to certain individuals who occupy an official position in the town, the fact that the town as a municipal corporation could not take bequest is not material. No bequest is given to the town, the bequest being to the individuals who occupy the office of selectmen of the town. For this reason, I think the decree should be reversed.

TANENBAUM, Respondent, v. GOODMAN et al., Appellants. (Supreme Court, Appellate Division, Third Department. September, 1899.) Action by Moses Tanenbaum against Isaac Goodman and others. No opinion. Order affirmed, with $10 costs and disbursements.

TANENBAUM v. ROSENTHAL. (Supreme Court, Appellate Division, First Department. January 19, 1900.) Action by Moses Tanenbaum against Harry Rosenthal. No opinion. Motion denied, with $10 costs. See 60 N. Y. Supp. 1092.

TENOZA, Respondent, v. PELHAM HOD-ELEVATING CO., Appellant. (Supreme Court, Appellate Division, Second Department. February 6, 1900.) Action by Annie Tenoza, as administratrix, etc., against the Pelham Hod-Elevating Company (improperly sued as the Pelham Hod-Elevator Company). No opinion. Application for stay of proceedings pending appeal granted.

TERRIFF, Appellant, v. INTERNATIONAL HOTEL CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. February 6, 1900.) Action by Catharine Terriff against the International Hotel Company. No opinion. Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs.

THOMAS v. SCHUMACHER et al. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by Landon A. Thomas against Charles Schumacher and others. No opinion. Motion denied, with $10 costs. See 45 N. Y. Supp. 166.

THORN, Appellant, v. DONNOCKER, Respondent. (Supreme Court, Appellate Division, Fourth Department. February 16, 1900.) Action by Frank M. Thorn against A. N. Donnocker. No opinion. Judgment affirmed, with costs.

TOBIAS v. WIERCK et al. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Action by Francis J. Tobias against John P. Wierck and others. No opinion. Motion granted, upon payment of $10 costs and all pending disbursements caused by amendment of order, and, if appeal withdrawn, on payment of all costs and disbursements of appeal. See 52 N. Y. Supp. 312.

In re TOMPKINS. (Supreme Court, Appellate Division, First Department. January 12, 1900.) In the matter of Jennie M. Tompkins. J. E. Chandler, for appellant. R. T. Greene, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

TRACY v. ELLIS et al. (Supreme Court, Appellate Division, First Department. Janu-

ary 5, 1900.) Action by Patrick Tracy against Anthony Ellis and others. No opinion. Motion denied, with $10 costs.

TUSHINGHAM, Respondent, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1900.) Action by Peter Tushingham against the Third Avenue Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re TWELFTH WARD PARK. (Supreme Court, Appellate Division, First Department. February 16, 1900.) In the matter of the Twelfth Ward Park (Little Italy). No opinion. Affidavit of service insufficient. The person served should be named, and the affiant should swear to knowledge that such person is in fact the deputy comptroller. The place of service should also be specified.

In re TWELFTH WARD PARK. In re MULIERI. (Supreme Court, Appellate Division, First Department. February 16, 1900.) In the matter of the Twelfth Ward Park, and in the matter of Mulieri. No opinion. Report confirmed. See 57 N. Y. Supp. 1149.

ULMER, Respondent, v. EWALD, Appellant. (Supreme Court, Appellate Division, Second Department. January 23, 1900.) Action by William Ulmer against Conrad Ewald. No opinion. Judgment of the municipal court reversed, on argument, and new trial ordered; costs to abide the event.

VAIL, Respondent, v. LEARY, Appellant. (Supreme Court, Appellate Division, Second Department. January 16, 1900.) Action by Moses Vail against Sylvester N. Leary.

PER CURIAM. Order modified, so as to impose upon the plaintiff the payment of $20 costs and the taxable disbursements for the attendance of the defendant's witnesses at trial term, as a condition of opening his default, and, as thus modified, affirmed, with $10 costs and disbursements to the appellant.

VAN DEVENTER, Respondent, v. VAN DEVENTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 23, 1900.) Action by Susie M. Van Deventer against Stephen V. Van Deventer. No opinion. Appeal dismissed upon stipulation.

VAN MARTER, Respondent, v. GROTON BRIDGE & MANUFACTURING CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 8, 1900.) Action by Carrie B. Van Marter against the Groton Bridge & Manufacturing Company. No opinion. Judgment and order affirmed, with costs.

VIDAUD v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO. (Supreme Court, Appellate Division, First Department. February 9, 1900.) Action by Edward E. Vidaud against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. No opinion. Motion denied, with $10 costs. See 61 N. Y. Supp. 1150.

In re VON KELLER'S ESTATE. (Supreme Court, Appellate Division, First Department. January 5, 1900.) In the matter of Helen A. Von Keller, deceased. J. A. Mapes, for appellant. T. B. Chancellor, for respondent. No opinion. Order affirmed, with costs, on the opinion of the surrogate. 59 N. Y. Supp. 1079.

WALLER, Appellant, v. STATE, Respondent. (Supreme Court, Appellate Division, Third Department. January 8, 1900.) Action by John E. Waller against the state of New York. No opinion. Judgment reversed, and a new trial granted; costs to abide the event.

WARD, Respondent, v. PETRIE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 30, 1900.) Action by Peter A. Ward, as receiver, etc., against Norman Petrie and another. No opinion. Order affirmed, with $10 costs and disbursements.

WASHINGTON, Respondent, v. SEAMAN'S BANK FOR SAVINGS, Appellant. (Supreme Court, Appellate Division, First Department. January 5, 1900.) Action by Walter S. Washington, as ancillary administrator, against the Seaman's Bank for Savings. W. W. Thompson, for appellant. G. Marshall, for respondent. No opinion. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice BOOKSTAVER in the court below. 61 N. Y. Supp. 971.

WASHINGTON v. SEAMAN'S BANK FOR SAVINGS. (Supreme Court, Appellate Division, First Department. January 12, 1900.) Action by Walter S. Washington against the Seaman's Bank for Savings. No opinion. Motion denied. See 61 N. Y. Supp. 971.

WASHINGTON v. SEAMAN'S BANK FOR SAVINGS. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by Walter S. Washington against the Seaman's Bank for Savings. No opinion. Motion denied, with $10 costs. See 61 N. Y. Supp. 971.

WEEKS et al., Respondents, v. JONES, Appellant. (Supreme Court, Appellate Division, Third Department. January 8, 1900.) Action by Charles W. Weeks and others against John W. Jones. No opinion. Judgment and order affirmed, with costs.

In re WHITE. (Supreme Court, Appellate Division, Second Department. January 9, 1900.) In the matter of the application of Josiah J. White, as guardian, etc., of Frederick Hall White, an infant, etc. No opinion. Order affirmed, without costs, on authority of In re Greenhalgh, 64 Hun, 26, 18 N. Y. Supp. 748. See 57 N. Y. Supp. 862.

WHITE et al., Respondents, v. WELSH, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 30, 1900.) Action by Georgia Caroline White and another against Charles M. Welsh, as executors, etc. No opinion. Judgment and order appealed from affirmed, with costs. Held that the ques-